UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:07-00181

**ROGER D. CHAPMAN**


## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On September 6, 2018, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Roger D. Chapman, appeared in person and by his counsel, Christian M. Capece, Federal Public Defender, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Justin L. Gibson. The defendant commenced a five-year term of supervised release in this action on September 28, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 4, 2008.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed methamphetamine as evidenced by a positive urine specimen submitted by him on February 1, 2018, the defendant having acknowledged his use of the substance on or about January 27, 2018; and a positive urine specimen submitted by him on July 27, 2018, the defendant having acknowledged his use of the substance approximately 3-4 days prior; (2) the defendant failed to notify the probation officer of his change in residence inasmuch as he was evicted from his residence on or about May 31, 2018, and failed to notify the probation officer until June 21, 2018; (3) the defendant failed to notify the probation officer within 72 hours of being arrested inasmuch as he was arrested on June 9, 2018, and failed to notify the probation officer until June 26, 2018; (4) the defendant failed to report for random drug screens as instructed on February 19, April 24, May 18 and 30, June 13, and July 6 and 24, 2018; (5) the defendant failed to report for individual substance abuse counseling as instructed on April 27, May 18 and 24, 2018; and (6) the defendant failed to make restitution payments as directed by the court inasmuch as he was ordered to

pay $128,000 in restitution at the rate of $100 per month, which payments have not been paid consistently in that the defendant is currently in arrears of approximately $862, with a remaining restitution balance of $125,526.70; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto. The court notes that the government did not proceed with Violation No. 1.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of

**TIME SERVED, to be followed by a term of four (4) years of supervised release upon the standard conditions of supervised as originally imposed and the special condition that he spend a period of five (5) months at Dismas Charities as soon as bed space is available, where he shall follow the rules and regulations of the facility, participate in drug abuse counseling and treatment, and participate in mental health counseling as directed by the probation officer. The restitution balance is hereby reimposed and the defendant shall make monthly payments thereon at the rate of $100 per month.**

**The defendant was remanded to the custody of the United States Marshal for release.**

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: September 6, 2018

John T. Copenhaver, Jr.
United States District Judge

4